AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Middle District of Florida, Jacksonville Div. |
|---|---|
| Name (under which you were convicted): Daphedron Lamar Allen | Docket or Case No.: 3:23-cv-1 |
| Place of Confinement: Blackwater Correctional Facility | Prisoner No.: I01059 |
| Petitioner (include the name under which you were convicted) Daphedron Lamar Allen   v. | Respondent (authorized person having custody of petitioner) Sec'y Dept. of Corrections, State of Florida |
| The Attorney General of the State of: Florida | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Florida Third Judicial Circuit in and for Hamilton Co. Jasper, Florida

    (b) Criminal docket or case number (if you know): 2014-CF-80

2. (a) Date of the judgment of conviction (if you know): 03/18/2015

    (b) Date of sentencing: 05/20/2015

3. Length of sentence: Life for Count 1, 20 years for Count 2, and 15 years for Count 3

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    Count 1 -- First Degree Murder

    Count 2 -- Aggravated Battery with a Deadly Weapon/Discharge Firearm

    Count 3 -- Shooting into an Occupied Vehicle

6. (a) What was your plea? (Check one)

    ☑ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty         ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

    n/a

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: Florida First District Court of Appeal (DCA)

    (b) Docket or case number (if you know): 1D15-3800

    (c) Result: Pur Curiam Affirmed

    (d) Date of result (if you know): 01/11/2017

    (e) Citation to the case (if you know): Allen v. State, 222 So. 3d 1202 (Fla. 1st DCA 2017)

    (f) Grounds raised:

    The trial court violated Allen's right to due process in denying the motion for new trial alleging juror misconduct without having the juror testify at the hearing when there was a factual dispute regarding the juror's conduct.

    (g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

        If yes, answer the following:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Result: _____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Florida First District Court of Appeal

(2) Docket or case number (if you know): 1D19-335

(3) Date of filing (if you know): 01/28/2019

(4) Nature of the proceeding: Pet. Alleging Ineffective Assistance of Appellate Counsel

(5) Grounds raised:

Appellate counsel was ineffective in failing to raise a claim that the trial court reversibly

erred by failing to conduct a Faretta hearing in Mr. Allen's sentencing proceeding and

again at the hearing on his motion for new trial, prejudicing the outcome of his direct

appeal proceeding.

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied

AO 241 (Rev. 09/17)

   (8) Date of result (if you know): 10/23/2019

 (b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: Florida Third Judicial Circuit in and for Hamilton County

   (2) Docket or case number (if you know): 2014-CF-80

   (3) Date of filing (if you know): 04/11/2018

   (4) Nature of the proceeding: 3.850 Motion for Postconviction Relief

   (5) Grounds raised: 1) Ineffective assistance of counsel (IAC) for failing to call witnesses in support of the defense; 2) newly discovered evidence from state witness Andrew Givens 3) IAC failure to object/request mistrial following state's improper comments that shifted the burden of proof; 4) IAC failure to depose and impeach state eyewitness David Washington and present prosecutor Weed as a rebuttal witness; 5) IAC failure to present FDLE testimony that GSR results from Mr. Allen's clothing was negative; 6) Cumulative error

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☑ Yes   ☐ No

   (7) Result: Denied

   (8) Date of result (if you know): 09/01/2021

 (c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No
(2) Second petition:  ☒ Yes    ☐ No
(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The trial court violated Mr. Allen's right to due process in denying the motion for new trial alleging juror misconduct withouth having the juror testify at the hearing despite a factual dispute

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court ruled on a motion for new trial based on juror misconduct concerning the use of social media without hearing testimony on a factual dispute as to the juror's conduct. Instead, the court relied on the representations of the prosecutor and the defense attorney, who was then in conflict with Mr. Allen on the motion as to what the juror told them. In ruling on factual matters without hearing testimony from the juror, the trial court denied Mr. Allen's right to due process under the Fifth and Fourteenth Amendments to the U.S. Const.

(b) If you did not exhaust your state remedies on Ground One, explain why:

This issue was exhausted in state court.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** IAC of Appellate Counsel for failing to raise claim that the trial court erred in failing to conduct Faretta inquiries in sentencing and during the motion for new trial proceeding

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court failed to conduct a Faretta inquiry when Mr. Allen indicated that he had a conflict with his attorney, and thus, did not want his attorney to represent him during the sentencing; and again in the motion for new trial hearing, when successor counsel refused to proceed on Mr. Allen's juror misconduct issue, and the court had Mr. Allen present his own argument in furtherance of his motion for new trial. A trial court is required to undertake a hearing under Faretta v. California, 422 U.S. 806 (1975) anytime a defendant seeks to perform the core functions of counsel.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This claim was exhausted in state court.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Appellate counsel did not raise this issue, and it was included in a R 9.141 petition alleging ineffective assistance of appellate counsel

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: R. 9.141 Petition alleging IAC of Appellate Counsel

Name and location of the court where the motion or petition was filed: Florida First DCA

Docket or case number (if you know): 1D19-0335

Page 8 of 16

AO 241 (Rev. 09/17)

Date of the court's decision: 10/23/2019

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The issue was exhausted in the First DCA

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**    IAC of trial counsel in failing to investigate and present Jasmine Hankerson as a witness at trial, prejudicing the outcome of the case

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ms. Hankerson drove to the scene with state witness Mr. Washington, and was an eyewitness to the incident. She would have testified that she could not identify the shooter because it was too dark, and the shooter was concealed in a wooded area. She would have testified that Mr. Washington, who claimed that Mr. Allen was the shooter, would have been unable to see the shooter, and that he never mentioned seeing the shooter. Accordingly, counsel should have called Ms. Hankerson at trial to undermine Washington's identification.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

This claim was exhausted in state court.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of IAC are not properly raised in a direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 motion for postconviction relief

Name and location of the court where the motion or petition was filed:

Florida Third Judicial Circuit in and for Hamilton County, Jasper, Florida

Docket or case number (if you know): 2014-CF-80

Date of the court's decision: 09/01/2021

Result (attach a copy of the court's opinion or order, if available):

Denied

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Florida First District Court of Appeal

Docket or case number (if you know): 1D21-3047

Date of the court's decision: 12/16/2022

Result (attach a copy of the court's opinion or order, if available): Per curiam affirmed.

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

n/a

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

n/a

**GROUND FOUR:** IAC for failing to impeach Mr. Washington with prior inconsistent statement to prosecutor Weed and present Mr. Weed at trial to undermine Mr. Washington's new testimony that Allen was the shooter

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Washington testified for the first time at trial that he could identify Mr. Allen as the shooter by face, rather than his conjecture based on the general physical appearance and stature of the shooter. In a pretrial interview Washington informed prosecutor John Weed that he could only identify Allen by size and description, not by face; and Mr. Weed, in turn, informed defense counsel of this anticipated testimony via email. When Washington made a full identification of Mr. Allen at trial, defense counsel did not impeach him with his prior inconsistent statement to Mr. Weed, or call Mr. Weed as an impeachment witness.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

This claim was exhausted.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

IAC claims are not properly raised on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   3.850 motion for postconviction relief.

AO 241 (Rev. 09/17)

~~(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine:~~

**GROUND FIVE:** Newly discovered evidence of Andrew Givens' recantation would probably produce an acquittal on retrial, and Mr. Allen's inability to present this new evidence at trial has resulted in a due process violation and violation of right to confront his accuser

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Andrew Givens testified for the state at trial that he heard Mr. Allen declare that if people kept "messing with him" he was going to "wind up killing somebody," to establish the element of premeditation for the First Degree Murder charge. In postconviction, Mr. Givens voluntarily produced a handwritten affidavit declaring that he never heard Mr. Allen say that he was going to kill anybody. Instead, Givens overheard some other people say that they heard Mr. Allen say this. The affidavit also stated that Givens never saw Allen with a gun the night of the shooting, as he claimed to police.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This claim was exhausted in state court.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of newly discovered evidence should not be raised on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  3.850 motion for postconviction relief

Name and location of the court where the motion or petition was filed:

Third Judicial Circuit, In an for Hamilton County, Jasper, Florida

Docket or case number (if you know):  2014-CF-80

Addendum p 1 of 2

AO 241 (Rev. 09/17)

Date of the court's decision: 09/01/2021

Result (attach a copy of the court's opinion or order, if available):

Denied

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Florida First DCA

Docket or case number (if you know): 1D21-3047
Date of the court's decision: 12/16/2022
Result (attach a copy of the court's opinion or order, if available):

Per curiam affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

n/a

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

n/a

~~GROUND THREE:~~ XXXXXXXXXXXXX

~~(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):~~ XX

Addendum p 2 of 2

~~Page 9 of 16~~

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Florida Third Judicial Circuit in and for Hamilton County, Jasper Florida

Docket or case number (if you know):   2014-CF-80

Date of the court's decision:   09/01/2021

Result (attach a copy of the court's opinion or order, if available):

Denied.

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No
(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Florida First DCA

Docket or case number (if you know):   1D21-3047

Date of the court's decision:   12/16/2022

Result (attach a copy of the court's opinion or order, if available):

Per curiam affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

n/a

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

n/a

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   n/a

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   n/a

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: David Collins, 310 N Jefferson St. Monticello, FL 32344

   (b) At arraignment and plea: Same as above

   (c) At trial: Same as above

   (d) At sentencing: Same as above

   (e) On appeal: W.C. McClain, Assistant Public Defender, 301 W. Monroe St. Tallahassee, FL 32301

   (f) In any post-conviction proceeding: Rick Sichta and Susanne Sichta, 301 W. Bay St. Ste. 14124 Jacksonville FL, 32202

   (g) On appeal from any ruling against you in a post-conviction proceeding: Same as above

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☑ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes   ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   This petition is timely filed within 1 year and 90 days of the decision on direct appeal.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **That his convictions and sentences be reversed and a new trial granted.**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on **01/02/2023** (date).

_____ for Petitioner Allen
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Mr. Allen is represented by Susanne K. Sichta in these habeas corpus proceedings. Counsel was unable to have Mr. Allen sign this document due to distance to Mr. Allen's prison facility from counsel's office and the necessity of filing to meet Mr. Allen's deadline under AEDPA.